ALBANY,
Feb. 1810.

HERRING and WALKER *against* MARVIN and
MARVIN.

THIS was an action of *assumpsit*, on a promissory
note, for 475 dollars and 70 cents, dated *December* 15,
1807, made by the defendants, payable to the plaintiffs,
ninety days after date.

The cause was tried at the *Albany* circuit, *April,* 1807,
before Mr. Justice *Yates.*

At the trial, *Keeler* testified, that he was master of an
*Albany* sloop, owned by him and the defendants. On the
27th *November*, 1807, he took on board a quantity of
wheat, belonging to the plaintiffs, to be carried to *New-
York*, and there sold by him. He had also wheat be-
longing to other persons to sell in *New-York*. After
the wheat was on board, it was agreed between the plain-
tiffs and defendants, that the witness should appropriate
the proceeds of the sale of the wheat to the use of the
defendants in *New-York* ; and that the defendants should
make the same pay to the plaintiffs in *Albany*, as was
received by the witness in *New-York;* by which the
witness understood the intention of the parties to be,
that the defendants were to give their notes to the plain-
tiffs, in case the wheat was sold on a credit, payable in
like manner, and at the same time, as the notes of the
purchasers in *New-York ;* but if the sale should be for mo-
ney, then the defendants were to pay the cash to the
plaintiffs, as soon as the information of the sales was re-
ceived in *Albany.* In the bill of lading it was mentioned
that the proceeds of the wheat were to be paid to the
defendants ; and the master had no other instructions
from the plaintiffs. On his arrival at *New-York*, one of
the plaintiffs was there, and directed the master to sell

A. delivered to
B. the master of
a vessel, and
joint owner with
C. a quantity of
wheat, to be car-
ried to *New-
York*, and sold
there ; and it
was agreed be-
tween A and C.
that B. should
appropriate the
proceeds of the
wheat to the use
of C. in *New-
York*, and that
C. should make
the same pay-
ment to A. as
B. received ;
that is, if the
wheat was sold
on credit, and
notes taken, C.
should give his
notes of the same
tenor to A. and
if it sold for cash,
then he was to
pay the amount
in cash to A.
B. sold the
wheat on a cre-
dit, in the usual
course of trade,
and took D.'s
notes payable in
90 days, in pay-
ment; and C.
gave his note to
A. for the a-
mount, payable
in 90 days, but
before the expi-
ration of 90 days,
D. failed, and be-
came insolvent,
and A. after-
wards, brought
an action against
C. on his note.
It was held, that
the exchange of
notes was for

the accommodation of A. and that the property in the wheat was not vested in C. who was not
legally nor justly responsible for the amount.

ALBANY,
Feb. 1810.

HERRING and
WALKER
v.
MARVIN and
MARVIN.

the wheat, as he had not leisure to attend to it. The master sold the wheat of the plaintiffs, and also what belonged to the other shippers, to *John Townsend*, at 90 days credit, and took his notes payable to different persons, who were creditors of the defendants, and to whom he was requested to pay the proceeds, and which notes were received, to be passed to the credit of the defendants, when paid. About the 22d *December*, the vessel returned to *Albany*, and the plaintiffs and defendants being informed of the manner in which the wheat had been sold, the defendants gave the note in question to the plaintiffs, corresponding in date and time of payment, with the note of *Townsend*. The wheat was sold in the usual course of the trade; and the master, when at *New-York*, considered himself bound to follow the directions of the plaintiff, *Walker*, who came on board, before the wheat was sold, but gave him no particular instructions as to the sale. The whole cargo was sold together, and the plaintiffs paid the master, on his return to *Albany*, the amount of freight. At the time of the sale, *Townsend* was a large dealer in wheat, and in good credit. He failed soon afterwards, and the news of his failure reached *Albany* about the first of *January*, 1808, and he was notoriously a bankrupt before his notes became due. The master was directed by the defendants to sell the wheat for cash, if he could; but the plaintiffs gave him no instructions.

Two witnesses for the plaintiffs testified, that they had carried wheat, in *November*, 1807, for the plaintiffs to *New-York*, for sale, and the plaintiff, *Walker*, who was there, charged them not to sell to *John Townsend* on credit.

A verdict was taken, by consent, for the plaintiffs, subject to the opinion of the court, on a case containing the facts above stated; and if the court should be of opinion for the plaintiffs, judgment was to be rendered on the verdict, otherwise, it was to be set aside and a judgment of nonsuit entered.

*Ostrander*, for the plaintiffs.

*H. Bleecker* and *Henry*, for the defendants.

SANDS and
CRUMP
v.
TAYLOR and
LOVETT.

*Per Curiam.* This is a clear case. The defendants gave their notes, pursuant to the arrangement made with the plaintiffs, and for their accommodation. The property of the wheat was never vested in the defendants; nor did they take any agency in the sale of it. It was sold by *Keeler*, as the agent of the plaintiffs. This is an unjust attempt to charge the defendants, who are not legally responsible.

<div align="center">

Judgment for the defendants.